UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61870-CIV-MARRA/JOHNSON

CARDILE BROTHERS MUSHROOM
PACKAGING, INC.,

    Plaintiff,
vs.

FIRST CHOICE PRODUCE, INC.
et al.,

    Defendants.
_____/

## PRELIMINARY INJUNCTION

This cause is before the Court upon Plaintiff's Motion for a Preliminary Injunction [DE 4]. A hearing was scheduled for December 28, 2007. Defendants did not appear nor did they file a response to the motion. The Court has carefully considered reviewed the Motion and the sworn affidavit of Michael P. Cardile and is otherwise fully advised in the premises.

A party seeking a permanent injunction must show the following: (1) actual success on the merits; (2) irreparable injury; (3) that the injury to Plaintiff outweighs the harm an injunction may cause Defendants; and (4) that granting the injunction would not harm the public interest. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004).

The Court makes the following findings of fact pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiff Cardile Brothers is a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Plaintiff is also a trust creditor of Defendants First Choice Produce, Inc., Kimberly A. Swaim, Sarah P. Zink, Joseph C. Swaim, Charles V. Zink and Robert J. Reynolds ("Defendants"). Defendant First

Choice Produce, Inc. is a produce dealer subject to and licensed under the PACA.  Between August 24, 2007 and December 3, 2007, Plaintiff sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce items worth $91,861.75, which remains unpaid.  Defendants are having severe cash flow problems, have ceased all operations of the corporation and are unable to pay Plaintiff the amount owed.   (Affidavit of Michael P. Cardile.)

Based on these factual findings, the Court makes the following conclusions of law.  Plaintiff has shown success on the merits of its PACA claim.  Furthermore,  Plaintiff will suffer immediate and irreparable injury due to said Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c).  Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir.1990).  The injury to Plaintiff outweighs any harm the injunction may cause Defendants and the issuance of the injunction is not contrary to the public interest.  Finally, the Court finds that Defendant First Choice Produce, Inc. is indebted to Plaintiff in the amount of $91,861.75.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendants, their customers, agents, officers, subsidiaries, assigns, partners, banking institutions and/or related entities are permanently enjoined from alienating, dissipating, paying over or assigning any assets of Defendant, First Choice Produce, Inc., or its subsidiaries or related companies.

2) Within ten (10) business days of the date of this Order, Defendants shall supply to Plaintiff's counsel the following documents regarding the assets of First Choice Produce, Inc., and its related subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection

purposes, and all records, such as checking account registers, showing how any funds received from the sale of produce were spent in the last eight (8) months.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of December 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies to:

All counsel of record